IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARITA BROWN, | : |
| | : |
| Petitioner | : |
| | :   CIVIL NO. 4:CV-09-0136 |
| | : |
| v. | :   (Judge McClure) |
| | : |
| JEFFREY BEARD, | : |
| | : |
| Respondent | : |

## **MEMORANDUM**

February 25, 2009

Petitioner Larita Brown, an inmate confined at the State Correctional Institution at Muncy ("SCI-Muncy") in Muncy, Pennsylvania, initiated this *pro se* petition seeking mandamus relief. Brown also filed an application to proceed *in forma pauperis* (Record document no. 2) and a motion to appoint counsel (Record document no. 3). For the reasons set forth below, Brown will be granted temporary *in forma pauperis* status for the sole purpose of the filing of this action, the petition will be dismissed, and the motion to appoint counsel will be denied as moot.

## **Background**

Brown names Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections ("DOC"), as the sole Respondent. On October 14, 2008, Brown filed a nearly identical petition for writ of mandamus raising the same issues. (*See Brown v.*

*Beard*, Civil No. 4:08-CV-1888, Record document no. 1.)  By Memorandum and Order dated October 20, 2008, the petition was dismissed without prejudice because Brown could not obtain mandamus relief against a Pennsylvania state official, she failed to establish a clear and indisputable right to the requested relief, and she had alternative remedies available to her.  (*See id.*, Record document no. 3.)

In the instant petition, as in her previous petition, Brown challenges a finding of guilt on a misconduct charge issued against her on February 26, 2008 by SCI-Muncy Correctional Officer Moyer.  The misconduct charged her with threatening an employee with bodily harm and refusing to obey an order.  As a result of being placed on pre-hearing confinement status, Brown was transferred to the prison's Restricted Housing Unit ("RHU").  Following an institutional disciplinary hearing, she was found guilty of both misconduct charges and sanctioned to serve a ninety (90) day term of disciplinary custody.

Brown asserts that her pre-hearing confinement was unwarranted, the conditions which exist in the RHU are unconstitutional, and that she was denied due process with respect to the misconduct charges.  With respect to the latter, she claims that her right to due process was violated in the following respects: (1) the Shift Commander improperly attached an inflammatory note to the misconduct report indicating that she had an extensive history of misconducts (Record document no. 1-1

2

at 10); (2) the Disciplinary Hearing Officer ("DHO") denied Brown the opportunity to have video footage reviewed and documented which would have exonerated her (*id.* at 10-11); (3) the DHO denied Brown the opportunity to read her written version of events aloud at the hearing (*id.* at 11); (4) the DHO wrote her statement of evidence so as to create a link between the "staff member's version" and the charge, thus making the allegations fit the charge (*id.* at 12); and (5) Brown was harassed and impeded in her attempts to pursue an administrative appeal (*id.* at 12-15). In addition, Brown claims that the misconduct negatively impacted her parole eligibility. (*Id.* at 16.)

Brown states that she filed an appeal from the final review dated June 11, 2008 and has not received a response. (*Id.* at 15.) She claims that she received no response to her July 21, 2008 letter to the Office of Chief Counsel inquiring about the status of her appeal.

As relief, Brown requests that this Court direct Respondent Beard to expunge the misconduct charge and finding of guilt from her institutional records. (*Id.* at 19.)

**Discussion**

Although the federal writ of mandamus technically has been abolished, the court has the power to compel a federal officer to perform a duty under 28 U.S.C. § 1361. *Arnold v. Blast Intermediate Unit 17*, 843 F.2d 122, 125 n.4 (3d Cir. 1988). Statutory mandamus, like its common-law predecessor, is "intended to provide a

remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides in its entirety:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. Petitioner requests that this Court compel Respondent Jeffrey Beard to expunge the misconduct charge and finding of guilt from her institutional record. Jeffrey Beard is a state official rather than a federal official, and therefore this Court does not have jurisdiction under § 1361 or under any other federal statute to compel him to perform a duty.

Moreover, mandamus is a drastic measure "to be invoked only in extraordinary situations." *Stehney v. Perry*, 101 F.3d 925, 934 (3d Cir. 1996) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)). The *Allied* Court added that a mandamus petitioner has the burden of establishing a clear and indisputable right to relief. *Allied,* 449 U.S. at 35. *See also Kerr v. United States Dist. Court,* 426 U.S. 394, 403 (1976). In *Kerr*, the Court noted that, in order to obtain mandamus relief, the party seeking it must "have no other adequate means to attain the relief he desires . . . ." *Id.* As was noted in this Court's previous Memorandum denying Brown's October 14, 2008 petition, Brown has other means available to her. She may submit the claims

4

and request for relief in her petition to the appropriate Pennsylvania state court.  In the alternative, Brown could assert her present claims of unconstitutional conditions in the RHU, denial of due process, and retaliation in a properly filed federal civil rights action.[1]

In conclusion, Brown cannot obtain mandamus relief against a Pennsylvania state official.  She also has failed to establish a clear and undisputable right to the requested relief and has alternative remedies available to her.  Consequently, Brown's mandamus petition will be dismissed without prejudice.  *See Weldon v. U.S. Attorney for the Middle District*, 294 Fed. Appx. 697 (3d Cir. 2008).  An appropriate Order will enter.

     s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

[1] As was noted in this Court's previous Memorandum, upon filing a civil rights complaint in federal district court, Brown may seek preliminary injunctive relief to prevent suffering irreparable injury.  *See Thorn v. Smith*, 207 Fed. Appx. 240, 241 (M.D. Pa. 2006).  Preliminary injunctive relief is extraordinary in nature, and is discretionary with the trial judge.  *See S & R Corp. v. Jiffy Lube Int'l, Inc.,* 968 F.2d 371, 374 (3d Cir. 1992).

LARITA BROWN,                           :
                                         :
       Petitioner           :
                                         : CIVIL NO. 4:CV-09-0136
                                         :
v.                                       : (Judge McClure)
                                         :
JEFFREY BEARD,                          :
                                         :
       Respondent          :

## **ORDER**

February 25, 2009

In accordance with the accompanying Memorandum, **IT IS HEREBY**

**ORDERED THAT:**

    1.    Petitioner is granted temporary leave to proceed *in forma pauperis* for the sole purpose of filing this action.

    2.    The petition for writ of mandamus is **DISMISSED** without prejudice.

    3.    The motion to appoint counsel (Record document no. 3) is **DENIED** as moot.

    4.    The Clerk of Court is directed to close this case.

    5.    Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

                                        s/ James F. McClure, Jr.
                                     JAMES F. McCLURE, JR.
                                     United States District Judge